```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA         *

       Plaintiff         *

       vs.               *   CIVIL ACTION NO. MJG-11-668

JOHN ARTHUR KIELY, M.D.          *

       Defendant         *

*     *     *     *     *     *     *     *     *

### MEMORANDUM AND ORDER RE: MOTION FOR LEAVE TO AMEND

The Court has before it the Motion of the United States for Leave to File a Second Amended Complaint [Document 26] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In the Complaint, the Government asserted claims against Defendant John Arthur Kiely, M.D. ("Defendant") based upon the contention that Defendant submitted false claims seeking payment for ophthalmological services that either were not performed or, if performed, were not reasonable and necessary. [Document 1]. In a timely filed Amended Complaint, the Government identified a total of 134 patients and the alleged false claims relating to each of those patients. [Document 6].

By the instant motion, the Government seeks to add claims relating to 37 of the 134 patients identified in the Amended Complaint. Specifically, the Government seeks to add claims

that as to this subset of the patients at issue, Defendant submitted claims for unperformed or unnecessary Laser Peripheral Iridotomies ("LPI").

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court "should freely give leave" to amend a complaint "when justice so requires." Despite this general rule liberally allowing amendments, the United States Court of Appeals for the Fourth Circuit has held that a district court should deny leave to amend where amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Defendant opposes the motion, asserting that:

- The amendment would be futile as barred by limitations, and

- The amendment is prejudicial, the result of dilatory conduct and/or was brought to gain an unfair tactical advantage.

The Court finds that, subject to the conditions set forth herein, the interest of justice warrants allowing the Government to file the proffered Second Amended Complaint.

The Defendant will, of course, retain the right to seek dismissal of any time barred claims. However, the Government has presented a response to Defendant's limitations argument that appears to make it likely that at least some, if not all, of the LPI based claims will be held timely.

While the Amendment is "prejudicial" in the sense that it is not beneficial to Defendant, it is not "prejudicial" in a sense that warrants denial of the Government's request. Defendant was put on notice of the 134 patients on whom the Government bases claims in the Amended Complaint. The Second Amendment serves only to specify additional procedures with regard to 37 of those patients. Moreover, even without the Second Amended Complaint, the Government would most likely have a legitimate basis to seek admission of evidence as to LPI procedures relating to the 37 patients at issue – particularly those procedures done without necessity. See Fed. R. Evid. 404(b)(2) (explaining evidence of "a crime, wrong, or other act" is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

The Court does not find that the Government engaged in dilatory conduct or delayed seeking leave to amend to gain tactical advantage.

The Court finds, however, that the Government's leave to amend should be conditioned. Certainly, the Defendant should be afforded the opportunity to engage in discovery needed in light of the Amendment and, perhaps, there would be a need for some additional Government discovery in response.

In addition, Defendant has stated in his opposition:

> The defense searched for and selected experts based upon the Government's ALT and LOA claims. The defense will now need to search for and select a new expert relating to the LPI claims and may be further burdened with losing one or more of the experts it has found who may be critical of the Defendant regarding the LPI issue. Certainly, the Government will examine Defendant's experts on that issue and Defendant should not be prejudiced by having to go back to square one because of the Government's dilatations.

Def. Opp'n [Document 28] at 9.

Perhaps, as Defendant suggests, some of his expert witnesses willing to support his position regarding the ALT and LOA claims would not testify favorably to him regarding the LSI claims. Some relief may, and I emphasize "some" and "may", be appropriate in regard to these witnesses.

For the foregoing reasons:

1. The Motion of The United States for Leave to File a Second Amended Complaint [Document 26] is GRANTED.

2. The Second Amended Complaint [Document 26-2] is accepted as filed this date.

3. All outstanding deadlines shall be modified by further order.

4. The Government shall arrange a case planning conference to be held at a mutually convenient time no later than July 31, 2013.

SO ORDERED, on Tuesday, July 9, 2013.

/s/
Marvin J. Garbis
United States District Judge